Okay, our next case this morning is number 19-1161, Boberg v. Wilkie. Mr. Carpenter. In this case, Your Honor, two of the three elements of service connection are not in dispute. There is no dispute that Mr. Boberg was exposed by A.J. Horne while actively in service. And that he died from a cancer. A.M.L. Leukemia that was both a result of disability and a result of his death. The question here is what the legal standard is to tie those two together. There is no statute that specifically 38 U.S.C. 1110 in service connection. I'm not quite understanding your theory. Your theory is that the veteran can show exposure to Agent Orange and then can show that he suffered from A.M.L. And that that's sufficient. There doesn't have to be a connection between Agent Orange and A.M.L. We don't have a situation here where there's a statutory presumption, right? Not quite, Your Honor. Our objection is to the use of cause and effect evidence to defeat the claim for service connection. I just don't understand how you can prove a case by saying, okay, the veteran was exposed to Agent Orange and the veteran developed A.M.L. 26 years later or whatever it is. How could that be sufficient? Because the standard of causation was expressly rejected by Congress as a basis for establishing service connection in favor of what was described in the legislative history as a temporal connection. Why is this any different? Let's suppose that the veteran suffered a broken leg in service and then later on developed A.M.L. You're saying that there wouldn't need to be any show of a relationship of causation between those two? There needs to be some showing, Your Honor. The question is what showing is required. What showing in your view is required? Well, in the language of 3.303 of the Code of Federal Regulations, that the relationship must be coincident to the resulting disability. What does that mean? Well, frankly, Your Honor, the regulation does not define that. But I would suggest that it is something that is correlated to not cause an effect to the incident or injury that took place in service. In this case, there is no question that he was exposed to Agent Orange. The question is, did that exposure result in the type of leukemia that Mr. Bowker had and ultimately died from? And what proof do you have of that? Would we have medical evidence from a treating physician that indicated that there was a possibility of such a correlation? He said, may. Yes, and that may. And then the board found that to be too weak, speculative, tenuous to suggest that there was any type of correlation. And what they relied upon was their own medical expert that said that there was no cause. And cause is too high a legal standard. That required Mr. Bowker to present something of causation, and that is the evidence that defeated his claim. So may is good enough? There may be a connection. Well, Your Honor, I think that's up to this court to define what is meant in 1110 by a disability resulting from. What does a disability resulting from mean in terms of what we understand from the case law to be the nexus requirement to connect a post-service disability with something that happened in service? We interpret it to be causation, right? Well, Your Honor, I don't believe that this court has interpreted it to be causation. What this court has done in Shetland is to use the phrase causal relationship. And in Shetland, this court said that a veteran seeking service connection must still show the existence of a present disability and that there is a causal connection between the present disability of injury or aggravation incurred during active duty. But then the court went on to say, in I believe the very next second, that there is not, as the government contended in all argument in Shetland, any requirement to show the causal relationship between the present disability and a particular event or circumstance that gave rise to the in-service injury or aggravation. So I believe that that leaves unanswered the question of what is the legal standard in order to determine the necessary relationship to establish service connection under a living death. And the language used by Congress is not causal relationship. It is not causation. It is a disability or for a disability resulting from an injury or disease that was either incurred... So you want a resulting from standard? A resulting from standard that is not causation. Yes, Your Honor. I don't know what that means. What does that mean? Excuse me. It means that a causation standard is too high a legal standard to be used in this statutory scheme that Congress did not require that causation be the amount of evidence that is required to be shown. That the amount of evidence is something less than that. And I refer to the VA's own regulation at 303 that refers to the description of coincident with service. That there needs to be something that is coincident with service that connects the later disease and the occurrence in service. In this case, it is the exposure to Agent Orange, the later development of this particular type of leukemia that is not on the presumptive list but is under the coding standard a basis for establishing direct service connection. Because why? Why is it a basis for concluding there's a service connection? Because it is a standard less than causal. Less than causal. Less than causal, but I still don't understand the theory for even something less than causal. As a matter of law, exposure to Agent Orange 36 years ago is connected to the diagnosis for AML. And the question then becomes, was the showing made by the medical evidence of a possibility sufficient? And not the evidence to defeat the claim, which was there was no evidence of cause and effect. The VA uses cause and effect as a standard to defeat the entitlement to service connection. And that is not the correct legal standard. The legal standard is something less than that. It is, in my view... You said temporal relationship, and I didn't quite understand what that meant. Given that leukemia wasn't diagnosed until three and a half decades later than the veteran's service in the war. I'm trying to understand how it would help you here, help your client here. Because I don't see anything temporally related when the diagnosis was so far after the exposure. Well, Your Honor, Congress has accepted and created statutory... What does temporal relationship mean here? I mean, if in fact AML were diagnosed while he was in service, under Shedden and other cases, you wouldn't look to see whether that was caused by some event in service. In that sense, there wouldn't have to be a causal connection. But where the disease or condition is manifested years later, there has to be some relationship between that, some proof of relationship between that and something that happened in service. And I don't understand what temporality has to do with it. Well, temporality has to do with it in the sense that Congress expressly rejected the cause and effect relationship as the legal standard for establishing the right to service connection in describing the nature of this lower or paternalistic system of awarding benefits. And that the award of benefits should not be, as was in this case, relied upon by medical evidence developed by the VA that said there is no cause. That is of this leukemia. That this leukemia was not the cause of... Excuse me. Yes, this leukemia was not caused by Agent Orange, which he was exposed to by presumption based upon his service in Vietnam. Okay, just to be clear, what do you think he has to show to establish service connection? I believe the best way to phrase it is that he need not show, as was done in this case by the government, that there was no cause. What does he need to show? He must show that there is some connection, some plausible connection, between the event in service, the exposure to Agent Orange, and his later development in cancer. So all he has to show is this is a plausible connection. Yes, because the legal standard for the award is only at least as likely as not. That the co-relationship, if you will, must only be up to a 50-50 basis. That it's at least as likely as not to have resulted in the development of cancer, as opposed to the claim is denied because Agent Orange... There is evidence in the records from the VA that Agent Orange did not cause this leukemia. Okay, you want to save your rebuttal time there, and we'll hear from Ms. Vicks. Good morning. I'm calling to the United States of America to get police support. Portion grant does meant to the government and the CCLB that the veterans court used the correct legal standard when it required a co-relationship to establish connection. Police said that Ms. Vicks overreached the challenge to what constitutes a legal standard to establish connection. The challenge is this court knows there's a three-part test to establish the co-relationship. It's a physical friendly disability, a restraining service, and a NIC. Which, as this court's precedent has followed time and time again, is a co-relationship. I'd like to address just a few points. My colleague contends that 38 CFR 3.303A discussed only a given condition that was commensurate with service. As a matter of fact, the regulation states that service connection basically means the fact shown by evidence established that a particular injured disease resulting in disability was incurred during physical service. And I would say that the resulting in disability language there is doing the work that this court has said results in the three factors. In addition, the statutes also say for disability resulting from injury suffered both in active and minor injuries. Resulting from means a concept of, as this court's interpretation says, a co-relationship is a threat to the patient. And the challenges raised by Ms. Wilber are unavailable. To the extent that Ms. Wilber presents any other challenge, those are challenges to findings of that for application of law. That's what we're looking for. It's not passed. And was there any questions? OK. Thank you, Ms. Vicks. Mr. Carpenter. Although the government just asserted that resulting from means causal relationship, there is no basis for that in the plaintiff language of the statute. Yeah, but you're asking us to go contrary to, I think, at least three cases which have said that in these circumstances you do need a causal relationship. That's a problem, right? It is a problem, Your Honor, because there is no relationship between that conclusion and anything that is in the statute. The statute says in 11 cases. Yeah, but we can't, as a panel, we can't start over. We've got all these cases that tell us that we've got to look for a causal relationship. But those cases have never looked at what the statutory source is for that conclusion. They are simply repetition of the notion that there has to be something that is related. And in Shen, Your Honor, this court clearly said that there is not, as the government contended, at oral argument, any requirement to show a causal relationship between the present disability and the particular event or circumstance that gave rise to the in-service injury or aggravation. Now, how does that reconcile with the notion that... It's talking about a situation where the same disease or disability started in service and continued to the time when service connection was claimed. Sorry, Your Honor. Maybe it's not a well-drafted opinion. That's the problem. These things happen. I'm well aware of them. The bottom line here, Your Honor, is that there needs to be a clarification of what the legal standard is that has some statutory basis. The only statutory basis is the use of the phrase, a disability resulting from, in 1110, and the VA's description in 3.303 that describes it as being coincident to service. Now, coincident to service is simply not a causal connection. That is not the same legal standard. And therefore, we have a conflict between what the Secretary has said in regulation and what this Court has repeated as being a causal connection. The phrase causal connection or causal relationship, that phrase is simply not used anywhere in any statute. And to pick that out when the Congress enacted the DGRA said that they rejected the causal relationship as a basis for establishing service connection as a description of what makes this system different is simply something that needs to be addressed. Thank you very much, Your Honor.